# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | * | NO. 17-11781 |
| | * | SECTION "B" |
| TERRY DAVID GADDIS, JR. | * | CHAPTER 7 |
| | * | |
| DEBTOR | * | |
| | * | |
| ****************************************** | * | |
| | * | |
| ENMON ENTERPRISES, L.L.C., | * | ADVERSARY PROCEEDING |
| D/B/A JANI-KING | * | |
| | * | |
| PLAINTIFF | * | NO. 17-01065 |
| | * | |
| V. | * | |
| | * | |
| TERRY DAVID GADDIS, JR. | * | |
| | * | |
| DEFENDANT | * | |
| ************************************************************************ | | |

## ANSWER TO AMENDED COMPLAINT

**NOW INTO COURT** through undersigned counsel comes, Defendant, Terry David Gaddis, Jr., ("Gaddis"), who in response to the Amended Complaint of Enmon Enterprises, L.L.C., d/b/a Jani-King ("Jani-King") respectfully answers as follows:

1. The allegations of Paragraph 1 are denied.  The Chapter 7 was filed on July 11, 2017.

2. The allegations of Paragraph 2 are admitted.

3. The allegations of Paragraph 3 are admitted.

Page 1 of 13

4.      The allegations of Paragraph 4 are admitted.

5.      The allegations of Paragraph 5 are admitted.

6.      The allegations of Paragraph 6 are admitted.

7.      The allegations of Paragraph 7 are admitted.

8.      The allegations of Paragraph 8 are denied for lack of knowledge or information sufficient to form a belief about the truth thereof.

9.      The allegations of Paragraph 9 are denied as Gaddis disputes any debt owed to Jani-King.

10.     The allegations of Paragraph 10 are admitted.

11.     The allegations of Paragraph 11 are denied for lack of knowledge or information sufficient to form a belief about the truth thereof.

12.     The allegations of Paragraph 12 are denied for lack of knowledge or information sufficient to form a belief about the truth thereof.

13.     The allegations of Paragraph 13 are denied for lack of knowledge or information sufficient to form a belief about the truth thereof.

14.     The allegations of Paragraph 14 are denied for lack of knowledge or information sufficient to form a belief about the truth thereof.

15.     The allegations of Paragraph 15 are admitted.

16.     The allegations of Paragraph 16 are denied for lack of knowledge or information sufficient to form a belief about the truth thereof.

17.     The allegations of Paragraph 17 are denied for lack of knowledge or information sufficient to form a belief about the truth thereof.

18.     The allegations of Paragraph 18 are denied for lack of knowledge or information sufficient to form a belief about the truth thereof.

19.     The allegations of Paragraph 19 are denied for lack of knowledge or information sufficient to form a belief about the truth thereof.

20.     The allegations of Paragraph 20 are denied for lack of knowledge or information sufficient to form a belief about the truth thereof.

21.     The allegations of Paragraph 21 are denied for lack of knowledge or information sufficient to form a belief about the truth thereof.

22.     The allegations of Paragraph 22 are denied for lack of knowledge or information sufficient to form a belief about the truth thereof.

23.     The allegations of Paragraph 23 are denied for lack of knowledge or information sufficient to form a belief about the truth thereof.

24.     The allegations of Paragraph 24 are denied for lack of knowledge or information sufficient to form a belief about the truth thereof.

25.     The allegations of Paragraph 25 are denied for lack of knowledge or information sufficient to form a belief about the truth thereof.

26.     The allegations of Paragraph 26 are denied for lack of knowledge or information sufficient to form a belief about the truth thereof.

27.    The allegations of Paragraph 27 are denied for lack of knowledge or information sufficient to form a belief about the truth thereof.

28.    The allegations of Paragraph 28 are denied.  The Chapter 7 was filed on July 11, 2017.

29.    The allegations of Paragraph 29 are denied for lack of knowledge or information sufficient to form a belief about the truth thereof.  The bankruptcy documents are the best evidence of the contents therein.

30.    The allegations of Paragraph 30 are denied for lack of knowledge or information sufficient to form a belief about the truth thereof.  The bankruptcy documents are the best evidence of the contents therein.

31.    The allegations of Paragraph 31 are denied for lack of knowledge of information sufficient to form a belief about the truth thereof.  The bankruptcy documents are the best evidence of the contents therein.

32.    The allegations of Paragraph 32 are denied for lack of knowledge or information sufficient to form a belief about the truth thereof.

33.    The allegations of Paragraph 33 are denied for lack of knowledge or information sufficient to form a belief about the truth thereof.

34.    The allegations of Paragraph 34 are denied for lack of knowledge or information sufficient to form a belief about the truth thereof.  The bankruptcy documents are the best evidence of the contents therein.

35.    The allegations of Paragraph 35 are denied for lack of knowledge or information sufficient to form a belief about the truth thereof.

36.    Gaddis adopts by reference the responses to Paragraph 1 through 35 of the Complaint.

37.    The allegations of Paragraph 37 require no answer by Gaddis.

38.    The allegations of Paragraph 38 are denied.

39.    The allegations of Paragraph 39 are denied.

40.    The allegations of Paragraph 40 are denied.

41.    The allegations of Paragraph 41 are denied.

42.    The allegations of Paragraph 42 are denied.

43.    The allegations of Paragraph 43 are denied.

44.    The allegations of Paragraph 44 are denied.

## AFFIRMATIVE DEFENSES

**AND NOW,** for further answer to the Amended Complaint, Defendant, Terry David Gaddis, Jr., shows as follows:

The dispute between Gaddis and Jani-King arises from a franchise agreement between the Gaddis and Enmon.  Enmon Enterprises, LLC, is in the business of selling Jani-King franchises for commercial cleaning and janitorial services to be provided by the franchisee. Enmon entices individuals like Gaddis to purchase a franchise through various promises, guarantees and other enticements to sell the Jani-King franchise. Gaddis was 20 years of age

when in 2009 he purchased the Jani-King Franchise at issue herein.  Enmon makes many promises to franchisees such as Gaddis at the time the Jani-King Franchise is sold.

However, after the purchase of the Jani-King Franchise by Gaddis from Enmon Enterprises, the Debtor found that Jani-King did not fulfill its promises. The promises made to Gaddis for sales and marketing assistance were not kept. The promises made for the number of cleaning contracts were not kept. The administrative services promised to Gaddis were not provided.

As a result of the above broken promises, disputes arose between Jani-King and Gaddis.  In early 2015, Gaddis had requested that he be allowed to sell his franchise, but his request was refused by Jani-King.  On February 11, 2015, Jani-King improperly terminated the Gaddis Franchise Agreement.  At that time Jani-King was in breach of the Franchise Agreement with Gaddis, as a result of unkept promises and other violations of the Franchise Agreement.

## FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.  Jani-King has failed to state a claim for relief under Sec. 523(a)(2(A).  Jani-King has failed to allege any representations by Gaddis, which the Gaddis knew were false or representations made with the intention to deceive Jani-King.  Further, Jani-King failed to show that it relied on any representations by Gaddis and finally Jani-King has failed to allege or show that it sustained any loss as a result of the misrepresentations.

Gaddis denies any false pretenses, actual fraud or false representations were made by him in connection with the purchase of the Jani-King Franchise.

## SECOND DEFENSE

Jani-King's claims, if any, are barred by the breach of the franchise agreement by Jani-King. As set forth above, Jani-King made promises to Gaddis in connection with the sale of the Jani-King franchise. Gaddis shows that Jani-King failed to fulfill the promises made to Gaddis. In addition, Jani-King has breached the Franchise Agreement with Gaddis in the following non-exclusive list as follows:

a.  Jani-King failed to timely provide Gaddis the Initial Business promised in the September 23, 2009 Franchise Agreement under Section 6.

b.  As a result of billing errors and other failures by Jani-King, Gaddis was not timely paid for significant work performed for the City of New Orleans after Hurricane Isaac. These errors and issues caused by Jani-King resulted in Gaddis not being paid on a timely basis for the work to the City of New Orleans as required by the agreement. The breach of the Franchise Agreement by Jani-King in connection with the City of New Orleans work after Hurricane Isaac forced Gaddis to borrow money from Jani-King to pay the personnel who had performed the work for the City of New Orleans. The problems caused by Jani-King with the City of New Orleans-Isaac work were a material breach of the Franchise Agreement by Jani-King.

c.  Jani-King further violated the Franchise Agreement by improperly and unfairly

removing and taking Gaddis' accounts without warning, notice or any legitimate reason. Jani-King further violated the agreement by failing to give Gaddis an opportunity to correct or challenge any alleged deficiencies concerning the work performance by Gaddis. In improperly taking accounts from Gaddis, Jani-King thereafter assigns the accounts to another franchisee for which Jani-King receives additional compensation under the Franchise Agreements. Under the improper practices referenced above, Jani-King further requires Gaddis as franchisee to pay additional money for other new accounts (finders fee). In this regard Jani-King improperly and unfairly blamed Gaddis for business issues that were in truth and in fact caused by Jani-King.

d.    In violation of the Franchise Agreement, an executive with Jani-King directed Gaddis to falsely state that he was not capable of performing the work contracted for at the Algiers Charter School Association ("ACSA"). This request by Jani-King followed receipt of an email from ACSA requesting that Gaddis perform the work for ACSA under the Jani-King contract. In asking Gaddis to lie about his work abilities in connection with the ACSA contract, Jani-King materially breached the Franchise Agreement in an effort to favor and support a separate franchise owner who was performing work under the ACSA contract, but had generated complaints from the customer about the quality of work. In addition, Jani-King arbitrarily denied Gaddis certain work under the Jani-King contract with Behrman Charter, without justification

or basis whatsoever.

e.    Jani-King executives used imaginary contrived legal arguments to prevent Gaddis

from selling his Jani-King franchise in February 2015.  Gaddis had secured a buyer

for the franchise, with the funds required to transfer the franchise to the new owner

paid to Jani-King.  However, with the sale of the Gaddis franchise ready to be

completed, Jani-King further breached the Franchise Agreement and denied Gaddis

the opportunity to complete the sale.  Jani-King raised a pretext argument of alleged

violation of the non-compete agreement and summarily cancelled Gaddis' franchise.

The cancellation of the sale by Jani-King cost Gaddis the funds he was to receive in

the sale of the franchise.

f.    As a result of the actions by Jani-King listed above, Gaddis was forced to defend his

actions and business performance and was required to address the failures of Jani-

King under the Franchise Agreement with Jani-King management. In an effort to

defend his actions and his rights under the franchise agreement with Jani-King,

personal conflict arose in the handling of these matters with Jani-King. Gaddis shows

that the actions of Jani-King management toward Gaddis were unfair, improper and

arbitrary in dealing with Gaddis, which appear to have resulted from personal conflict

between Gaddis and Jani-King management, not as a result of the performance by

Gaddis under the franchise agreement.

## THIRD DEFENSE

Jani-King's claims, if any, are barred by the doctrine of unclean hands and *in pari delicto*.  See the factual basis set forth in the Second Defense, listed above, for the basis of this defense.

## FOURTH DEFENSE

Jani-King claims, if any, are barred by the failure of Jani-King to allege or show that it sustained any loss or damage as a result of any alleged misrepresentations by Gaddis.  The Jani-King contract with Algiers Charter School Association (ACSA) dated July 26, 2013 was not continued in 2014, due to the failure of Jani-King to be selected in a public bid process. Jani-King lost the 2014 bid for the ACSA work. In fact, Jani-King failed to score in the top three vendors bidding on the ASCA work in 2014, and actually scored toward the bottom of the list of vendors. Gaddis understands the Jani-King was scored low, in part, due to issues and concerns of ASCA concerning the previous bid process in 2013.  Gaddis cannot be blamed for Jani-King's failure to secure the new bid for additional work.

## FIFTH DEFENSE

Jani-King's claims, if any, are barred by the statute of limitations.  Jani-King's claims related to alleged fraud committed by Gaddis are prescribed under Louisiana Law. Jani-King knew or should have known of the conduct which it now alleges was fraudulent such that said claim is now barred and prohibited under law.

## SIXTH DEFENSE

Jani-King's claims, if any, are barred by failure of consideration. As a result of the

actions by Jani-King in breaching the franchise agreement with Gaddis, the claims of Jani-

King should be barred due to the failure of consideration herein.

## SEVENTH DEFENSE

Gaddis shows that any breach of the franchise agreement by Gaddis, which is

otherwise denied, was a result of negligence or error by Gaddis, but was not a result of false

pretenses, false representation or actual fraud in connection with the franchise agreement.

## EIGHTH DEFENSE

Jani-King's claims, if any, are barred by Estoppel. Due to the actions on Jani-King as

set forth herein, Jani-King is estopped from prevailing in its Section 523 claim.

## NINTH DEFENSE

Jani-Kings claims, if any, are barred by any additional affirmative defenses expressed

or implied in the foregoing factual defenses set forth on behalf of Gaddis.

Gaddis reserves the right to raise any and all further affirmative defenses which may

become known or available under applicable law.

**WHEREFORE**, Terry David Gaddis, Jr., Defendant, prays that this Answer be deemed good and sufficient and that, after due proceedings had, there be judgment herein in favor of defendant, Terry David Gaddis, Jr., dismissing the Complaint and Amended Complaint of Enmon Enterprises, L.L.C. d/b/a Jani-King in its entirety, at its costs.

And for all such equitable relief to which he may be entitled.

Respectfully submitted:

**GARNER & MUNOZ**
**1010 Common Street, Suite 3000**
**New Orleans, Louisiana 70112**
**Telephone: (504) 212-4163**
**Email:  trichar994@aol.com**


/s/ T. Randolph Richardson
**T. RANDOLPH  RICHARDSON**
**BAR No.  11245**
**Attorney for Defendant,**
**Terry David Gaddis, Jr.**

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2018,  I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to the following:

Sandra Destin Sims - dsims@janikinggcr.com

I further certify that I mailed the foregoing pleading and the notice of electronic filing by first class mail to the following non-CM/ECF participants:

Terry David Gaddis, Jr.
3413 W. Parc Green
Harvey, LA 70058.

/s/ T. Randolph Richardson
**T. RANDOLPH RICHARDSON**